UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| CHRISTOPHER BROY, )<br> )<br>Petitioner, )<br> )<br>v. )<br> )<br>WARDEN, )<br> )<br> )<br>Respondent. ) | No. 1:24-cv-01888-JPH-KMB |

**ORDER DISMISSING PETITION FOR WRIT OF HABEAS CORPUS**

Before the Court is the respondent's motion to dismiss the petitioner's habeas petition challenging a prison disciplinary proceeding. Because the petitioner fails to show he is in custody with respect to the disciplinary proceeding challenged in this case, his petition for a writ of habeas corpus must be dismissed for lack of jurisdiction.

"[I]n all habeas corpus proceedings under 28 U.S.C. § 2254, the successful petitioner must demonstrate that he 'is in custody in violation of the Constitution or laws or treaties of the United States.'" *Brown v. Watters*, 599 F.3d 602, 611 (7th Cir. 2010) (quoting 28 U.S.C. § 2254(a)). If the sanctions imposed in a prison disciplinary proceeding do not potentially lengthen a prisoner's custody, then those sanctions cannot be challenged in an action for habeas corpus relief. *See Cochran v. Buss*, 381 F.3d 637, 639 (7th Cir. 2004) (per curiam). Typically, this means that in order to be considered "in custody" for the purposes of challenging a prison disciplinary proceeding, the petitioner must have been deprived of good-time credits, *id.*, or of credit-earning class,

1

*Montgomery v. Anderson*, 262 F.3d 641, 644–45 (7th Cir. 2001). When such a sanction is not imposed, the prison disciplinary officials are "free to use any procedures it chooses, or no procedures at all." *Montgomery*, 262 F.3d at 644.

In a disciplinary proceeding identified as NCF 24-07-001298, the petitioner was found guilty of attempted possession of unauthorized information. On July 23, 2024, the disciplinary hearing officer imposed a suspended deprivation of earned credit time. Dkt. 15-1. After six months, the suspended sanctions can no longer be imposed. Dkt. 15-4 ¶ 4.

The respondent has moved to dismiss this action on the ground that the petitioner is not "in custody" due to the challenged disciplinary proceeding. The petitioner has filed a motion for judgment arguing that his administrative appeal was not timely considered, but he does not dispute that the suspended sanctions were not imposed. Dkt. 17. He also asks for an order to return him to the programming he was in before the disciplinary hearing and to reimburse his lost state pay. *Id.*

A habeas action becomes moot if the Court can no longer "affect the duration of [the petitioner's] custody." *White v. Ind. Parole Bd.*, 266 F.3d 759, 763 (7th Cir. 2001). Because six months have passed and the suspended sanction has not been imposed on the petitioner, this habeas action, even if the petitioner is successful, cannot affect the duration of the petitioner's custody. The petitioner is therefore not "in custody," and this action moot. *See Eichwedel v. Curry*, 700 F.3d 275, 278 (7th Cir. 2012). An action which is

moot must be dismissed for lack of jurisdiction.  *See Diaz v. Duckworth*, 143 F.3d 345, 347 (7th Cir. 1998).

Accordingly, the respondent's motion to dismiss, dkt. [15], is **granted** and the motion for judgment, dkt. [17], is **denied**.  The petition for writ of habeas corpus is dismissed for lack of jurisdiction.  Judgment consistent with this Order shall now issue.

**SO ORDERED.**

Date: 4/6/2025

*James Patrick Hanlon*
James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

CHRISTOPHER BROY
944044
NEW CASTLE – CF
NEW CASTLE CORRECTIONAL FACILITY – Inmate Mail/Parcels
1000 Van Nuys Road
P.O. Box E
NEW CASTLE, IN 47362

All electronically registered counsel